# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN BOYD MORROW,** | : | |
| Plaintiff | : | |
| v. | : | **CIVIL ACTION NO. 3:17-1370** |
| **TRINITY SERVICES GROUP, INC.,** et al. | : | **(JUDGE MANNION)** |
| Defendants | : | |

## **MEMORANDUM**

**I.    Background**

Plaintiff, John Boyd Morrow, an inmate confined in the State Correctional Camp Hill, ("SCI-Camp Hill"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Morrow complains of an incident which occurred at his former place of confinement, the Franklin County Prison. Id. Specifically, Plaintiff claims that sometime in April, 2017, he suffered food poisoning from food he ate, which was prepared for the Franklin County Prison by Trinity Group Services. Id. As a result, Plaintiff claims that, over the course of three days, he suffered blood in his bowel movements, diarrhea, vomiting, dizziness, cold chills, sweats, pain in his lower back, kidneys and stomach. Id. Plaintiff states that he "left Miss Helser of [the] nursing staff awear (sic) of this and "was given a 'Tums' for

food poisoning." Id. Plaintiff alleges that On April 27, 2017, he submitted a sick call request to be seen by the medical department for his symptoms, but received no response or treatment. Id. Also, on April 27, 2017, Plaintiff filed Inmate Grievance Number 17-00363, complaining about becoming sick from contaminated food. Id. In a response dated June 23, 2017, it was noted that "medical records indicate that you did not report any of these symptoms to medical department." Id Thus, on August 4, 2017, Plaintiff filed the instant action, in which he is "seeking funds or money in the amount of $20.00 or the full amount allotted by law, which is cheap for laying around sick, throwing up from both ends and bleeding out of the bottom." Id. The named Defendants are Trinity Services Group, Inc.; Karen, Wanda, Sue and Deb Jones, Trinity Food Services Group employees; and the following Franklin County Prison employees: Warden William Bechtold, Deputy Warden Michelle Weller, Deputy Warden James Sullen, and Nurses Crystal Kenndy and Sierra Helser. Id.

Currently pending before the Court is a motion to dismiss Plaintiff's complaint, filed on behalf of Defendants Warden Bechtold, Deputy Wardens Sullen and Weller. (Doc. 17). The motion is fully briefed and is ripe for disposition. For the following reasons, the Court will grant the motion.

## II. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6)

dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez.

**III.    Discussion**

A plaintiff, in order to state a viable §1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The Eighth Amendment's prohibition of cruel and unusual punishment does not only restrain affirmative conduct, such as the use of excessive force against prisoners. See, e.g., Hudson v. McMillian, 503 U.S. 1, 5 (1992). It also imposes a duty on prison officials to provide humane conditions of confinement and to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. A substantial risk of serious harm "may be established by much less than proof of a reign of violence and terror," but requires more than a single incident or isolated incidents. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). To determine whether officials

operated with deliberate indifference, courts question whether they consciously knew of and disregarded an excessive risk to the prisoner's well being. Farmer, 511 U.S. at 840–44. Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." Farmer, 511 U.S. at 837. "[A] prison official is deliberately indifferent when he *knows or should have known* of a sufficiently serious danger to an inmate." Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992) (emphasis in original). The term "should have known" is a term of art, which

> [d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. It connotes something more than a negligent failure to appreciate the risk ..., though something less than subjective appreciation of that risk. The "strong likelihood" of [harm] must be "so obvious that a lay person would easily recognize the necessity for" preventative action. [T]he risk of ... injury must be not only great, but also sufficiently apparent that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges.

Id. (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1025 (3d Cir. 1991)) (citation omitted, alterations in original). "Mere negligence claims do not constitute 'deliberate indifference.'" Innis v. Wilson, 334 Fed.Appx. 454, 475 (3d Cir. 2009) (*per curiam*). As such, prison officials are not subject to liability as the result of negligent acts that cause unintended injury to inmates.

Daniels v. Williams, 474 U.S. 327 (1986)(holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under §1983).

Moreover, it is well established that personal liability in a civil rights action cannot be imposed upon a state official based on a theory of *respondeat superior*. See, e.g., Rizzo v. Goode, 423 U.S. 362 (1976). It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. Sutton v. Rasheed, 323 F.3d 236, 249–250 (3d Cir. 2003). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. Id. As the Court stated in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

Here, Plaintiff has not set forth any allegations identifying how any of the moving Defendants were personally involved in the alleged constitutional deprivations. For instance, aside from naming these Defendants in the

caption of the complaint, there are no allegations that these Defendants were personally involved in any incidents of constitutional deprivation, specifically relating to Morrow. Thus, it is apparent that Plaintiff is attempting to impose liability on Warden Bechtold and Assistant Wardens Sullen and Weller on the basis of *respondeat superior*. As such, these Defendants are entitled to dismissal.

Additionally, Plaintiff's claims against moving Defendants appear to be based on an instance in which Plaintiff consumed contaminated food while at the Franklin County Prison. Such allegations simply do not rise to the level of an Eighth Amendment violation. See McKinney v. Giorla, Civ. No. 11-4188, 2012 WL 1521853, at *4 (E.D. Pa. Apr. 30, 2012) (a single instance in which food contaminated with mouse droppings does not rise to the level of an Eighth Amendment violation); Green v. Atkinson, 623 F.3d 278, 281 (5th Cir. 2010). ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."); Smith v. Younger, Civ. No. 98-5482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (upholding dismissal of Eighth Amendment claim based on a single incident in which prisoner discovered a worm in her food); Murray v. Allen, Civ. No. 10-1014, 2010 WL 4159261, at *2 (E.D. Pa. Oct. 21, 2010)

(holding prisoner's allegations regarding a single incident in which he was served a burrito containing a tooth, although "stomach churning," did not rise to the level of an Eighth Amendment violation); Allen v. Maryland, Civ. No. L-10-353, 2010 WL 727753, at *1 (D. Md. Fed. 25, 2010) ("To state a constitutional violation for unsanitary food preparation an inmate must do more than allege a single incident of contamination."); Smith-Bey v. CCA/CTF, 703 F.Supp.2d 1, 8 (D.D.C. 2010) (holding "two instances of discovering cockroaches in one's food do not rise to the level of a sufficiently serious deprivation" for Eighth Amendment purposes); Seymour/Jones v. Oldt, Civ. No. 90-1583, 1990 WL 29721, at *1 (E.D. Pa. 1990) (holding "a single unintentional instance of food poisoning, ... though undoubtedly unpleasant, does not rise to the level of a violation of [a prisoner's] civil rights).

The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410 (1997). An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." Farmer, 511 U.S. at 837. Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). In accordance with the

9

case law cited above, Plaintiff's allegations simply fail to rise to the level of deliberate indifference. Consequently, Defendants are entitled to dismissal.

Moreover, to the extend that Plaintiff's claims against moving Defendants are predicated on Defendants' denial of Plaintiff's grievance or appeals, a prison official's participation in grievance processes, including appeals, fails to establish the requisite personal involvement." Brooks v. Beard, 167 Fed.Appx. 923, 925 (3d Cir. 2006) ("Although the complaint alleges that [prison officials] responded inappropriately to [the plaintiff's] later-filed grievances about his medical treatment, these allegations do not establish [the prison officials'] involvement in the treatment itself."). Additionally, prison officials who are not physicians are entitled to defer to the medical judgment of staff physicians, see Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993), and an administrator does not become responsible for the inmate's medical treatment simply by virtue of reviewing an inmate grievance. As such, moving Defendants are entitled to dismissal.

## IV. <u>Leave to Amend</u>

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his

complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Since it is clear that Plaintiff's conditions of confinement claim fails as a matter of law, and Plaintiff's claims against the moving Defendants are based solely on *respondeat superior* liability, the Court finds that it would be futile to permit amendment.

## V. Conclusion

For the reasons stated above, the motion to dismiss, filed on behalf of Defendants Warden Bechtold, Deputy Wardens Sullen and Weller, (Doc. 17). will be granted. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 18, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1370-01.wpd