# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**JOHN BOYD MORROW,**       :

    **Plaintiff**       :

    **v.**       :       **CIVIL ACTION NO. 3:17-1370**

**TRINITY SERVICES GROUP, INC.,**       :       **(JUDGE MANNION)**
et al.

    **Defendants**       :

## MEMORANDUM

## I.  Background

Plaintiff, John Boyd Morrow, an inmate confined in the State Correctional Institute at Camp Hill, ("SCI-Camp Hill"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Morrow complains of an incident which occurred at his former place of confinement, the Franklin County Prison. Id. Specifically, Plaintiff claims that sometime in April, 2017, he suffered food poisoning from food he ate, which was prepared for the Franklin County Prison by Trinity Group Services. Id. As a result, Plaintiff claims that, over the course of three days, he suffered blood in his bowel movements, diarrhea, vomiting, dizziness, cold chills, sweats, pain in his lower back, kidneys and stomach. Id. Plaintiff states that he "left Miss Helser of [the] nursing staff awear (sic) of this and "was given a 'Tums'

for food poisoning." Id. Plaintiff alleges that On April 27, 2017, he submitted a sick call request to be seen by the medical department for his symptoms, but received no response or treatment. Id. Also, on April 27, 2017, Plaintiff filed Inmate Grievance Number 17-00363, complaining about becoming sick from contaminated food. Id. In a response dated June 23, 2017, it was noted that "medical records indicate that you did not report any of these symptoms to medical department." Id  Thus, on August 4, 2017, Plaintiff filed the instant action, in which he is "seeking funds or money in the amount of $20.00 or the full amount allotted by law, which is cheap for laying around sick, throwing up from both ends and bleeding out of the bottom." Id. The named Defendants are Trinity Services Group, Inc.; Karen, Wanda, Sue and Deb Jones, Trinity Food Services Group employees; and the following Franklin County Prison employees: Warden William Bechtold, Deputy Warden Michelle Weller, Deputy Warden James Sullen, and Nurses Crystal Kenndy and Sierra Helser. Id.

By Memorandum and Order dated July 18, 2018, the motion to dismiss filed by Defendants Warden William Bechtold, Deputy Warden Sullen and Deputy Warden Michelle Weller was granted and these parties were terminated from the above captioned action. (Docs. 33, 34). The Court's

Order also directed that on, or before, July 31, 2018, Plaintiff was to provide full names and addresses for the remaining Defendants. (Doc. 34). The Order forewarned that Plaintiff's failure to provide full names and valid addresses for the remaining Defendants, would result in these Defendants being dismissed from the above captioned action. The date for Plaintiff to comply with this Court's Order has long passed, and Plaintiff has neither complied with the Court's Order, nor requested an enlargement of time within which to comply. Consequently, for the following reasons, the Court will dismissed the remaining Defendants from the above captioned action and the case will be closed.

## II. Discussion

Rule 4(m) requires district courts to dismiss a pending action when a plaintiff fails to timely serve the opposing parties. The rule reads, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

3

Fed.R.Civ.P. 4(m). In order for the court to dismiss the action on its own initiative, the plaintiff must have notice of the court's intent to dismiss so the he may "demonstrate good cause for its failure to comply with the rule's 120 day service requirement." *Liu v. Oriental Buffet*, 134 F.App'x 544, 546 (3d Cir. 2005). When notice is given and the plaintiff provides reasons for his failure to serve the defendant, the court may dismiss the case after considering: "the (1) reasonableness of plaintiff's efforts to serve the original complaint; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve the original complaint." *Spencer v. Steinman*, 968 F.Supp. 1011, 1015 (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995))

Plaintiff has been afforded more than enough time to provide an accurate address for the remaining Defendants. He has been warned that failure to provide an updated address would result in dismissal. (Doc. 34). The Plaintiff has set forth no effort to provide the Court with full names and addresses for the remaining Defendants. In fact, the plaintiff has been essentially absent from this case since this Court's July 18, 2018 Memorandum and Order. This case is now almost two years old. Given the age of the case, the Plaintiff's failure to attempt to locate the remaining

4

Defendants, and his overall dilatory nature when prosecuting this case, dismissal is appropriate.

**III.     Conclusion**

Based on the foregoing, the remaining Defendants, Trinity Services Group, Inc., Karen, Wanda, Sue and Deb Jones, Trinity Food Services Group employees, and Nurses Crystal Kenndy and Sierra Helser, will be dismissed for Plaintiff's failure to timely serve the complaint under Rule 4(m). As the Defendants subject to dismissal under Rule 4(m) are the only remaining Defendants to this action, the Court will dismiss the Plaintiff's complaint as well, without prejudice, and the Clerk be directed to close this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:     June 27, 2019**
17-1370-02

5